IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. _____

| | |
|---|---|
| CHANTELLA BRYANT<br><br>    Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY; LIFE INSURANCE COMPANY OF NORTH AMERICA D/B/A CIGNA GROUP INSURANCE; NEW YORK LIFE INSURANCE COMPANY D/B/A NEW YORK LIFE GROUP BENEFIT SOLUTIONS,<br><br>    Defendants. | **COMPLAINT** |

Plaintiff, Chantella Bryant, by and through counsel, states as her Complaint the following:

### **INTRODUCTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq.

2. This is an action for accidental death and dismemberment (AD&D) insurance benefits, enforcement of ERISA rights and other relief under ERISA pursuant to 29 U.S.C. §1132.

## THE PARTIES

3. Plaintiff, Chantella A. Bryant ("Plaintiff" or "Ms. Bryant") is a resident of Rieglewood, Columbus County, North Carolina.

4. Upon information and belief, Defendant The Zurich American Insurance Company ("Zurich") is a foreign insurance company doing business throughout North Carolina.

5. Upon information and belief, Defendant Life insurance Company of North America d/b/a CIGNA Group Insurance ("CIGNA") is a foreign insurance company doing business throughout North Carolina.

6. Upon information and belief, Defendant New York Life Insurance Company d/b/a New York Life Group Benefit Solutions (NYL) is a foreign insurance company doing business throughout North Carolina.

7. Upon information and belief, in 2021, NYL acquired CIGNA's employee group accident insurance business including CIGNA's liability in this matter.

## JURISDICTION AND VENUE

8. Ms. Bryant is entitled to bring this action as a participant or beneficiary under ERISA.

9. This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(a), (e)(1) and (f) and 28 U.S.C. §1331.

10. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## FACTS

11. Isaiah Scott (Mr. Scott), deceased, is Plaintiff's son.

12. At all times relevant to this action, Mr. Scott was employed by Snyder's Lance, Inc.

13. On or about July 5, 2019, Mr. Scott died in a single motor vehicle accident in Columbus County, North Carolina.

14. Mr. Scott's death was accidental.

## Zurich Policy and Claim Decision

15. On or about January 1, 2012, Zurich issued a group policy of insurance (the "Zurich Policy") providing AD&D insurance coverage to eligible employees of Snyder's Lance, Inc.

16. Upon information and belief, the Zurich Policy is designated as Group Policy No. GTU 4848312.

17. Upon information and belief, Zurich is the sole source of funding and administration for AD&D claims under the Zurich Policy, Zurich is responsible for making all benefit determinations, for administering benefits according to the terms of the Zurich Policy and for insuring and paying all benefits from Zurich's own funds.

18. At all times relevant to this action, Mr. Scott was insured under the Zurich Policy for the amount of at least $500,000.00.

19. Ms. Bryant is Mr. Scott's sole designated beneficiary of benefits under the Zurich Policy.

20. Mr. Scott's accidental death constitutes a covered loss caused by a covered injury that entitles Ms. Bryant to receive the full policy AD&D benefits under the Zurich Policy.

21. Ms. Bryant timely filed a claim for AD&D benefits under the Zurich Policy.

22. By letter dated October 25, 2019, Zurich denied the claim.

23. Zurich's denial alleged that Mr. Scott was intoxicated at the time of the accident.

24. Zurich's denial contended that Mr. Scott's death was excluded from coverage under the Zurich Policy exclusion for a loss caused by, contributed to by or resulted from being intoxicated while operating a motor vehicle.

25. The North Carolina Crash Report Form DMV 349 for Mr. Scott's accident does not cite intoxication as a contributing factor in the accident.

26. Ms. Bryant timely appealed Zurich's decision to deny benefits.

27. By letter dated December 20, 2019, Zurich affirmed on appeal its decision to deny the claim.

28. There is no credible evidence proving that Mr. Scott's accident was caused by, contributed to by or resulted from being intoxicated while operating a motor vehicle.

29. Zurich relied on the report of Patricia Rosen, M.D., its paid consultant, discussing the possible effects of alcohol intoxication in general.

30. Zurich's determination that an intoxication exclusion applies is erroneous and not supported by any credible evidence of record.

31. Zurich failed to meet its burden of proof that any coverage exclusion applies.

32. Zurich's decision to deny Ms. Bryant's claim and benefits is without basis, contrary to the evidence and unreasonable.

33. Zurich has an inherent and substantial conflict of interest by virtue of the fact that Zurich is both the decision-maker and sole funding source of the Zurich Policy.

34. Zurich had a pecuniary interest in denying Ms. Bryant's claim, regardless of merit.

35. Zurich does not have a valid grant of discretionary authority to determine eligibility for benefits or to construe the terms of the Zurich Policy, and any attempted grant of discretion is void by law. Therefore, the Court should review Zurich's denial of Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

36. In the alternative, Zurich's denial of Plaintiff's claim constitutes an abuse of discretion.

## CIGNA Policy and Claim Decision

37. On or about January 1, 2015, CIGNA issued a group policy of insurance (the "CIGNA Policy") providing AD&D insurance coverage to eligible employees of Snyder's Lance, Inc.

38. Upon information and belief, the CIGNA Policy is designated as Group Policy No. OK 967754.

39. Upon information and belief, CIGNA is the sole source of funding and administration for AD&D claims under the CIGNA Policy, CIGNA is responsible for making all benefit determinations, for administering benefits according to the terms of the CIGNA Policy and for insuring and paying all benefits from CIGNA's own funds.

40. At all times relevant to this action, Mr. Scott was insured under the CIGNA Policy for the amount of at least $86,000.

41. Ms. Bryant is Mr. Scott's sole designated beneficiary of benefits under the CIGNA Policy.

42. Mr. Scott's death constitutes a covered accident, a covered loss and a covered injury that entitles Ms. Bryant to receive AD&D benefits under the CIGNA Policy.

43. Ms. Bryant timely filed a claim for AD&D benefits under the CIGNA Policy.

44. By letter dated August 9, 2019, CIGNA denied the claim.

45. CIGNA's denial alleged that Mr. Scott was intoxicated at the time of the accident.

46. CIGNA's denial contended that Mr. Scott's death was excluded from coverage under the CIGNA Policy exclusion for a loss caused by or resulting from operating a motor vehicle under the influence of alcohol.

47. The North Carolina Crash Report Form DMV 349 for Mr. Scott's accident does not cite intoxication as a contributing factor in the accident.

48. Ms. Bryant timely appealed CIGNA's decision to deny benefits.

49. By letter dated March 12, 2020, CIGNA affirmed on appeal its decision to deny the claim.

50. There is no credible evidence proving that Mr. Scott's accident was caused by or resulted from operating a motor vehicle while under the influence of alcohol.

51. CIGNA relied on the report of Richard Tovar, M.D., its paid consultant, discussing the possible effects of alcohol intoxication in general.

52. CIGNA's determination that an alcohol intoxication exclusion applies is erroneous and not supported by credible evidence of record.

53. CIGNA failed to meet its burden of proof that any coverage exclusion applies.

54. CIGNA's decision to deny Ms. Bryant's claim is without basis, contrary to the evidence and unreasonable.

55. CIGNA has an inherent and substantial conflict of interest by virtue of the fact that CIGNA is both the decision-maker and sole funding source of the CIGNA Policy.

56. CIGNA had a pecuniary interest in denying Ms. Bryant's claim, regardless of merit.

57. CIGNA does not have a valid grant of discretionary authority to determine eligibility for benefits or to construe the terms of the CIGNA Policy, and any attempted grant of discretion is void by applicable law. Therefore, the Court should review CIGNA's denial of Plaintiff's claim under a *de novo* standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed 2d 80, 95 (1989).

58. In the alternative, CIGNA's denial of Plaintiff's claim constitutes an abuse of discretion.

## CLAIMS FOR RELIEF

59. Plaintiff incorporates by reference Paragraphs 1 through 58 above as if fully set forth below.

60. As more fully described above, Zurich's denial and refusal to pay AD&D benefits to Ms. Bryant constitutes a breach of its obligations under the Zurich Policy and ERISA.

61. As more fully described above, CIGNA's denial and refusal to pay AD&D benefits to Ms. Bryant constitutes a breach of its obligations under the CIGNA Policy and ERISA, for which NYL is also liable.

62. Ms. Bryant brings this action to recover benefits and to enforce her rights under the Zurich Policy, the CIGNA Policy and ERISA pursuant to 29 U.S.C. §1132(a)(1)(B).

63. Ms. Bryant seeks other appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays the Court to enter judgment for the Plaintiff and otherwise enter an Order providing that:

1. The applicable standard of review in this case is *de novo*;

2. The Court may take and review the records and claim files of Zurich, CIGNA and any other evidence that it deems necessary to conduct an adequate *de novo* review;

3. Zurich's decision shall be reversed and Zurich shall pay all AD&D benefits due to Ms. Bryant under the Zurich Policy;

4. CIGNA's decision shall be reversed and CIGNA and/or NYL shall pay all AD&D benefits due to Ms. Bryant under the CIGNA Policy;

5. Ms. Bryant shall receive any further relief to which she is entitled to under the Zurich Policy, the CIGNA Policy, ERISA or otherwise;

6. Defendants shall pay to Plaintiff such prejudgment interest as allowed by law;

7. Defendants shall pay Plaintiff's costs of litigation and any and all other reasonable costs and damages permitted by law;

8. Defendants shall pay attorney's fees for Plaintiff's counsel;

9. Plaintiff shall receive such further relief against Defendants as the Court deems lawful, just and proper.

Respectfully submitted, this 1st day of July, 2022.

**/s/Charles McB. Sasser**
By: Charles McB. Sasser
Attorney for the Plaintiff
State Bar No.: 10027
The Sasser Law Firm, P.A.
1011 East Morehead Street
Suite 350
Charlotte, NC 28204
Phone: (704) 342-4200
Fax: (704)342-0798
msasser@sasserlawoffice.com